**EXHIBIT A**

Electronically Filed
5/31/2022 3:55 PM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
Roger M. Cram, Esq.
Nevada Bar No. 6612
Brent D. Valdez, Esq.
Nevada Bar No. 10784
**CVBN LAW**
9580 West Sahara Ave, #180
Las Vegas, Nevada 891117
Telephone (702) 255-0700
Facsimile (702) 255-2159
*Attorney for Plaintiff*

CASE NO: A-22-853350-C
Department 31

DISTRICT COURT

CLARK COUNTY, NEVADA

| | |
|---|---|
| LATRICE MUNERLYN,<br><br>Plaintiff,<br><br>vs.<br><br>COSTCO WHOLESALE CORPORATION, a Domestic Corporation; ROE CORPORATIONS I through X, inclusive; and DOES I through X, inclusive,<br><br>Defendants. | Case No.:<br>Dept No.:<br><br><br><u>COMPLAINT</u> |

Plaintiff LATRICE MUNERLYN, by and through HER undersigned counsel, CVBN LAW, and for their action against Defendants, complain and allege as follows:

1. That at all times mentioned and relevant herein Plaintiff is a resident of Clark County, Nevada.

2. Plaintiff is informed and believes, and thereon allege, that, at all times relevant herein, Defendant COSTCO WHOLESALE CORPORATION, was, and is, a corporation licensed to conduct business in Clark County, Nevada, and was, in fact, conducting business in Clark County, Nevada.

3. That the true names and capacities, whether individual, corporate, associate, or otherwise, of Defendant Does I through V and Roe Corporations VI through X, their citizenship and capacities, whether individual, corporate, associate, partnership or otherwise, are unknown to Plaintiff, who therefore sue said Defendant by such fictitious names. Plaintiff is informed and believes, and therefore

1

allege, that the Defendants, designated as Doe and/or Roe owes a non-delegable duty to PLAINTIFF and is negligently responsible in some matter for the events and happenings referred to in this matter and negligently caused injury and damages proximately thereby to PLAINTIFF. The Doe and Roe Defendant may have been responsible for the design, construction, maintenance, care, and upkeep of the PREMISES, which will be more particularly described in this Complaint, and which is located in Las Vegas, Nevada. PLAINTIFF will ask leave of this Court to further amend this Complaint to insert the true names and capacities of the Defendants when the true names have been ascertained by PLAINTIFF, together with charging allegations, and to join such Defendants in this action.

4. Upon information and belief, the DEFENDANT owned, occupied, operated, controlled, managed, maintained and is therefore responsible in all aspects for the Costco Store located at 801 S. Pavilion Center Drive, Las Vegas, NV, 89135 (the "PREMISES").

5. On or about June 7, 2020, PLAINTIFF LATRICE MUNERLYN was lawfully upon the PREMISES as a patron, in the checkout line.

6. As PLAINTIFF was walking the PREMISES, and while exercising reasonable care for her own well-being, she loaded her items on the track belt, and as she was walking back to the other side of the checkout line, she slipped on a berry that was on the floor and started to fall. PLAINTIFF was able to catch herself on the track belt on the way down, tweaking her right knee and right foot. PLAINTIFF also hit her right hip and right shoulder while catching herself. PLAINTIFF slipped as a direct and proximate result of the said negligence and carelessness of the Defendant, and was caused to suffer injuries as a result of walking up to the checkout line with dangerous conditions on the ground (the "CONDITION").

7. The CONDITION, which was created by the DEFENDANTS and/or a CONDITION which DEFENDANTS had actual and/or constructive notice thereof prior to PLAINTIFF'S fall, was a dangerous condition that should have been either remedied or adequately warned of prior to PLAINTIFF'S incident.

8. DEFENDANTS owe a non-delegable duty to PLAINTIFF to offer and to maintain the PREMISES free of the dangerous CONDITION. DEFENDANTS also owe a non-delegable duty to warn PLAINTIFF of the existence of the dangerous CONDITION. DEFENDANTS negligently

breached the non-delegable duties owed to PLAINTIFF by creating and/or negligently allowing the dangerous CONDITION to exist and persist on the PREMISES prior to PLAINTIFF'S incident, yet negligently failed to take any reasonable measure to either remedy or to warn PLAINTIFF of the dangerous CONDITION prior to her fall.

9. At all relevant times, DEFENDANTS, by and through their agents, servants, and employees, had exclusive control and possession of the PREMISES and of the CONDITION. The existence of the CONDITION and the resulting injuries and damages to PLAINTIFF is such that in the ordinary course of things PLATINTIFF'S fall would not have occurred if DEFENDANTS had exercised ordinary care in the maintenance, operation, inspection, and control of the PREMISES. Due to the preceding facts, the negligence of DEFENDANT is inferred under the doctrine of *Res Ipsa Loquitur*.

10. As a direct and proximate result of the negligent conduct of DEFENDANTS, PLAINTIFF was required to seek and obtain medical care and to undergo medical treatment, all to her damage in a sum in excess of $15,000.00.

11. As a direct and proximate result of the negligent conduct of DEFENDANTS, PLAINTIFF suffered great physical and mental pain and anxiety all to her damage in a sum in excess of $15,000.00.

12. As a direct and proximate result of the negligent conduct of DEFENDANTS, PLAINTIFF has lost income and earning capacity, and will continue to do so in the future, all to their damage in a sum in excess of $15,000.00.

13. As a direct and proximate result of the negligent conduct of DEFENDANTS, PLAINTIFF has incurred incidental expenses and a loss of household services, and will continue to do so in the future, all to their damage in a sum in excess of $15,000.00.

14. PLAINTIFF has been required to obtain the services of an attorney to prosecute this action and is therefore entitled to recover attorney's fees and cost of suit.

### PRAYER FOR RELIEF

Wherefore, Plaintiffs pray for relief and judgment against Defendants, and each of them, as follows:

    a.    For a sum in excess of $15,000.00 for past, present and future medical treatment;



b. For a sum in excess of $15,000 for past, present and future pain, suffering, anxiety and loss of enjoyment of life;

c. For a sum in excess of $15,000.00 for loss of income and loss of earning capacity;

d. For a sum in excess of $15,000.00 for past incidental expenses;

e. For an award of reasonable attorney's fees and costs of suite; and,

f. For any further relief as the Court deems to be just and proper

DATED this 31st day of May, 2022.

                                        CVBN LAW

By: _____
      Roger M. Cram, Esq.
      Nevada Bar No. 6612
      Brent D. Valdez, Esq.
      Nevada Bar No. 10784
      9580 West Sahara Ave, #180
      Las Vegas, Nevada 89117
      *Attorney for Plaintiff*

4